## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCEND PERFORMANCE MATERIALS HOLDINGS INC., *et al.*,[1] | ) ) | Case No. 25-90127 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF
### PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER
### OF NOTICE THEREOF, (III) APPROVING THE FORM AND MANNER
### FOR FILING PROOFS OF CLAIM, AND (IV) GRANTING RELATED RELIEF

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on May 30, 2025, at 10:00 a.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoTo platform. Connect via the free GoTo application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Ascend. The location of Debtor Ascend Performance Materials Holdings Inc.'s principal place of business is 1010 Travis St., Suite 900, Houston, Texas 77002.

[2]   A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Robert Del Genio, Chief Restructuring Officer of*

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto

(the "Bar Date Order"), approving the following relief:

a.     ***Claims Bar Date*.  Establishing July 23, 2025, at 4:00 p.m., prevailing Central Time (93 days from the Petition Date (as defined herein))**, as the last date and time for each entity to file proofs of claim based on prepetition claims,[3] including requests for payment under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") (collectively, "Proofs of Claim"), against any Debtor (the "Claims Bar Date");

b.     ***Governmental Bar Date.***     Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), **establishing October 20, 2025, at 4:00 p.m., prevailing Central Time (182 days from the Petition Date)**, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date");

c.     ***Rejection Damages Bar Date*.**  Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, **establishing the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim against any Debtor (such later date, the "Rejection Damages Bar Date");

d.     ***Amended Schedules Bar Date*.**  In the event that the Debtors amend their Schedules (as defined herein), **establishing the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment of the Schedules,** as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim against any Debtor (such later date, the "Amended Schedules Bar Date" and, together with the Claims Bar Date,

---

*Each of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").  Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

[3]     Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates");

e.     ***Proof of Claim Form***.  Approving the proposed Proof of Claim Form (as defined herein) and the manner of filing Proofs of Claim;

f.     ***Bar Date Notice***.  Approving the proposed Bar Date Notice (as defined herein) and the manner of providing notice of the Bar Dates;

g.     ***Publication Notice.***  Approving the proposed form of publication notice (the "Publication Notice"); and

h.     granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 501, 502(b)(9), and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(a)(7), 2002(l), 3001, 3003, 5005(a), and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 1075-1, 2002-1(a)(7), and 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, the "Company"), are one of the largest, fully-integrated producers of nylon, a plastic that is used in everyday essentials, like apparel, carpets, and tires, as well as new technologies, like electric vehicles and solar energy systems.  The Company's business predominately focuses on the production and sale of a specific type of nylon, nylon 6,6 or "PA66," and the chemical intermediates and downstream outputs thereof.  Common applications of PA66 include heating and cooling systems, air bags, batteries, and athletic apparel.  Headquartered in Houston, Texas, the Company has a global workforce of approximately 2,200 employees and operates eleven manufacturing facilities that span the United States, Mexico, Europe, and Asia.  The Debtors commenced these chapter 11 cases to right size the Company's balance sheet, streamline operations, and position the Company for sustainable, long-term growth.

6.      On April 21, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 22, 2025, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 60].  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 5, 2025, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 223].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**The Bar Dates**

7.      Bankruptcy Rule 3003(c)(3) provides that this Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 3003(c)(2) provides that any creditor who has a

claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities (the "Schedules"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  Fed. R. Bankr. P. 3003(c)(2); *see also* 11 U.S.C. § 1111(a) ("A proof of claim or interest is deemed filed . . . for any claim or interest that appears in the [Schedules], except a claim or interest that is scheduled as disputed, contingent, or unliquidated.").  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.  11 U.S.C. § 502(b)(9).

8.     Section M, paragraph 32 of the Complex Case Procedures provides that "[u]nless a different date is ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the petition date for governmental units; and (ii) for all other entities, 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)."  Complex Case Procedures, Section M, par. 32.  Bankruptcy Local Rule 3003-1 provides for the same deadlines.  *See* Bankruptcy Local Rule 3003-1.

9.     Although the Complex Case Procedures establish a bar date by default, Bankruptcy Local Rule 3003-1, the Complex Case Procedures, and Bankruptcy Rule 3003(c)(3) make it clear that this Court has authority to establish a different bar date for all non-governmental entities.  By this Motion, the Debtors seek to:  (a) set as the bar date to allow creditors other than governmental units until **July 23, 2025, at 4:00 p.m., prevailing Central Time**, to file Proofs of Claim, which is 93 days after the Petition Date; and (b) set **October 20, 2025, at 4:00 p.m., prevailing Central Time**, as the deadline for governmental units to file Proofs of Claim, which is 182 days after the Petition Date.[4]

---

[4]     180 days after the Petition Date is October 18, 2025, which falls on a Saturday.  Pursuant to Bankruptcy Rule 9006(a)(1)(C), "if the last day [of a period stated in days] is a Saturday . . . the period continues to run until the

10.     On April 22, 2025, the Court entered the *SOFAs Extension Order*,[5] extending the deadline by which the Debtors must file their Schedules through and including June 20, 2025.  The Debtors are in the process of preparing their Schedules and intend to file their Schedules on or prior to June 20, 2025.  Accordingly, the Debtors anticipate that their Schedules will be on file at least 33 days before the Debtors' proposed Claims Bar Date and at least 122 days before the Governmental Bar Date.

11.     The relief requested in this Motion is necessary and appropriate to preserve the value of the Debtors' enterprise and successfully implement their restructuring.  Specifically, as set forth in the First Day Declaration, the Debtors through these chapter 11 cases seek to implement a comprehensive deleveraging transaction.   Subject to Court approval, pursuit of such a value-maximizing transaction will be in accordance with the negotiated milestones set forth in the DIP Credit Agreement,[6] which dictate the outside dates by which the Debtors must file and seek the Court's approval of certain key documents, including this Motion and a chapter 11 plan.  To satisfy the DIP Milestones, the Debtors must seek entry of an order establishing a Claims Bar Date prior to the default dates set by the Complex Case Procedures to ensure that creditors receive full and fair notice of the Bar Date and procedures for filing Proofs of Claim.

---

end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. Bankr. R. P. 9006(a)(1), (a)(1)(C). Accordingly, the requested deadline for governmental units to file Proofs of Claim is Monday October 20, 2025.

[5]     *See Order (I) Extending Time to File (A) Schedules and Statements and (B) Rule 2015.3 Financial Reports, (II) Modifying the Requirements of Bankruptcy Local Rule 2015-3, and (III) Granting Related Relief* [Docket No. 90] (the "SOFAs Extension Order").

[6]     *Revised Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Authorizing the Use of Cash Collateral, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 96], Exhibit 1 (the "DIP Credit Agreement," and the milestones thereunder, the "DIP Milestones").

12.     The proposed Bar Dates are intended to allow the Debtors to analyze the full universe of claims in these chapter 11 cases and consummate a deleveraging transaction expeditiously in compliance with the DIP Milestones, to the benefit of the Debtors' estates and their stakeholders.  Further, the proposed timeline will provide all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

### I.     The Claims Bar Date.

13.     The Debtors request that this Court establish **July 23, 2025, at 4:00 p.m.**, **prevailing Central Time**, as the Claims Bar Date.  The Claims Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are ***actually received*** by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent"), as of the Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order.     Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have been rejected by order of this Court in these chapter 11 cases.

### II.     The Governmental Bar Date.

14.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). Accordingly, the Debtors request  that  the Court establish **October 20, 2025, at 4:00 p.m.,** **prevailing Central Time**, as the Governmental Bar Date.  The Governmental Bar Date would

apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.   All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are *actually received* by the Claims and Noticing Agent by the Governmental Bar Date.

### III.   The Rejection Damages Bar Date.

15.     The Debtors request that this Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code on the later of **(a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m., prevailing Central Time, on the date that is 30 days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease.**  All entities holding such rejection claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are *actually received* by the Claims and Noticing Agent by the Rejection Damages Bar Date.

### IV.   Amended Schedules Bar Date.

16.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors request that this Court establish the Amended Schedules Bar Date as the last date and time by which all claimants holding claims affected by such amendment must file Proofs of Claim with respect to such claims, so that such Proofs of Claim are *actually received* by the Claims and Noticing Agent by the later of **(a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m., prevailing**

Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment of the Schedules.

**Procedures for Filing Proofs of Claim**

**I.      Parties Required to File Proofs of Claim.**

17.      Except as otherwise set forth herein, the Debtors respectfully request that this Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**II.      Parties Not Required to File Proofs of Claim by the Claims Bar Date.**

18.      The Debtors request that this Court exempt the following entities, to the extent required by the Bankruptcy Code, and in the capacities described below, from any requirement to file a Proof of Claim prior to the Claims Bar Date:

a.   the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.   any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.   any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.   any entity whose claim has previously been allowed by a final order of this Court;

e.   any Debtor or non-Debtor affiliate having a claim against another Debtor;

f.   any entity whose claim is solely against any non-Debtor affiliates;

g.   any entity whose claim has been paid by the Debtors pursuant to an order of this Court;

h.   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.   any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.   any entity holding a claim for which a separate deadline is fixed by an order of this Court;

k.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

l.   any of the DIP Secured Parties, the Prepetition Secured Parties and other person or entity that is exempt from filing a Proof of Claim pursuant to an order of this Court in these chapter 11 cases, including, without limitation, pursuant to an order authorizing the Debtors' postpetition financing (whether on an interim or final basis) (any such order, the "DIP Order");[7]

---

[7]   Notwithstanding the exemption provided herein, pursuant to the DIP Order [Docket No. 96], each of the Prepetition Agent and the DIP Agent (each as defined in the DIP Order) may, in their sole discretion, file in the

      m.    any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

      n.    any entity holding an equity interest in any Debtor.

## III.    Form of Proof of Claim.

19.    The Debtors have prepared, and request that this Court approve, a form for filing a Proof of Claim based on Official Form 410 that the Debtors have modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code, substantially in the form attached as <u>Exhibit 1</u> to the Bar Date Order (the "<u>Proof of Claim Form</u>").    If a creditor disagrees with the information set forth on the Debtors' Schedules (or omission thereof), the creditor is required to file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim.  Creditors may choose not to use the Proof of Claim Form and instead submit Proofs of Claim on Official Form 410 as and to the extent provided in the Bar Date Order.

## IV.    Requirements for Preparing and Filing Proofs of Claim.

20.    The Debtors propose that each Proof of Claim be required to be consistent with the following:

      a.    ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars, using, if applicable, the exchange rate at 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

      b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:

---

Debtors' lead Chapter 11 Case *In re Ascend Performance Materials Holdings Inc.*, Case No. 25-90127), a master proof of claim on behalf of their respective Prepetition Secured Parties or DIP Secured Parties (each as defined in the DIP Order), as applicable, on account of any and all of their respective claims arising under their Prepetition Credit Documents or DIP Credit Agreements and hereunder (as applicable) (each, a "<u>Master Proof of Claim</u>") against each of the applicable Debtors.

(i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 25-90127 (CML)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Ascend Performance Materials Holdings Inc. ("Ascend").

e.   ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Ascend.

f.   ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than 10 days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://dm.epiq11.com/Ascend, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**
Ascend Performance Materials Holdings LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-442

**If by Overnight Mail, or Hand Delivery:**
Ascend Performance Materials Holdings LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.   ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**<u>Consequences of Failure to File a Proof of Claim</u>**

21.   Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.   Such creditor shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.   Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

**Procedures for Providing Notice of the Bar Dates**

22.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**I.      Mailing of Bar Date Notices.**

23.     Pursuant to Bankruptcy Rule 2002(a)(7), within three business days of the later of (a) the date the Debtors file their Schedules or (b) entry of the Bar Date Order, the Debtors shall cause a written notice of the Bar Date Package to be served via email or first-class mail, as applicable, substantially in the form attached as Exhibit 2 to the Bar Date Order (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail to the following entities (or their respective counsel, if known):

> a.     the U.S. Trustee;
>
> b.     the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);
>
> c.     Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group of Term Loan Lenders and the DIP Term Loan Lenders;
>
> d.     Wilmington Savings Fund Society, FSB ("WSFS");
>
> e.     ArentFox Schiff LLP as counsel to WSFS;
>
> f.     Greenberg Traurig, LLP, as counsel to the ABL Agent and the DIP ABL Agent;
>
> g.     the agents under each of the Debtors' prepetition secured credit facilities;
>
> h.     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order;
>
> i.     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;
>
> j.     all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the entry of the Bar Date Order;
>
> k.     all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;
>
> l.     all entities who are party to executory contracts and unexpired leases with the Debtors;
>
> m.     all entities who are party to active litigation with the Debtors;

n.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

o.    all other entities listed on the Debtors' creditor matrix;

p.    the Environmental Protection Agency;

q.    all other regulatory authorities that regulate the Debtors' business, including environmental and permitting authorities;

r.    the Offices of the Attorney General for each of the states in which the Debtors operate;

s.    the District Director of the Internal Revenue Service for the Southern District of Texas;

t.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

u.    the Office of the United States Attorney for the Southern District of Texas.

24.    Further, the Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://dm.epiq11.com/Ascend.

25.    The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. The Debtors request this Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings.

26.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[8] (b) certain parties acting on behalf of

---

[8]    To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process or the Schedules filing process. In this regard, the Debtors request that this Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 10 days in advance of the applicable Bar Date, with any such mailings deemed timely and such Bar Date being applicable to the recipient creditors.

### III.    Publication Notice.

27.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication. The Debtors propose to publish the Bar Date Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached as <u>Exhibit 3</u> to the Bar Date Order (the "<u>Publication Notice</u>"), on one occasion in the national edition of *The New York Times* and/or any other national or local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

28.    The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the link for a website maintained by the Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

**Basis for Relief**

**I.      This Court Is Authorized to Approve the Bar Dates.**

29.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code with respect to claims of governmental units).  *See* Fed. R. Bankr. P. 2002(a)(7).  While Bankruptcy Local Rule 3003-1 and the Complex Case Procedures set forth default bar dates for filing proofs of claim and proofs of interest, each state that this Court may order a different date for filing proofs of claim.

30.     The claims bar date plays an essential role in the twin goals of bankruptcy— preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases," thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate.  *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990).  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).  The Bar Dates will provide the

17

Debtors with a clear understanding of the nature and scope of claims against them, which will allow the Debtors to reduce administrative costs and promptly exit from these chapter 11 cases. Until the Bar Dates have passed, the Debtors remain subject to the risk that additional unknown claims may be asserted, or that creditors whose claims have been scheduled will assert amounts materially greater than the amounts listed in the Schedules.

## II. The Proposed Notice Procedures Are Reasonable and Appropriate and this Court Is Authorized to Approve the Procedures for Filing Proofs of Claim.

31.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).  *See* Fed. R. Bankr. P. 2002(a)(7).  Bankruptcy Rule 2002(l) provides that this Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice.  *See* Fed. R. Bankr. P. 2002(1).  Bankruptcy Rule 9008 provides that this Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.  *See* Fed. R. Bankr. P. 9008.

32.     The procedures described herein provide creditors with appropriate notice and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency.  The procedures will provide comprehensive notice and clear instructions to creditors and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay. Further, the procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in the event of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

33.     The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors.  These procedures are consistent with applicable case law.  *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

18

317 (1950) ("The statutory notice by publication is sufficient as to any beneficiaries whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective.").

34.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the applicable Bar Date. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *Mullane*, 339 U.S. at 317–18.

35.     The Debtors propose to cause a written notice of the Bar Date Package to be served via email or first-class mail, as applicable, within three business days after the later of (a) the date the Debtors file their Schedules or (b) entry of the Bar Date Order.   This will provide approximately 28 days' notice of the Claims Bar Date, which is reasonable and consistent with notice provided in cases of similar scope and complexity.  *See e.g., In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Oct. 28, 2024) (providing, at most, 33 days' notice of the general claims bar date); *In re Envision Healthcare Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. July 7, 2023) (providing, at most, 31 days' notice of the general claims bar date); *In re Invacare Corp.*, No 23-90068 (CML) (Bankr. S.D. Tex. Feb. 15, 2023) (providing, at most, 29 days' notice); *In re Nielsen & Bainbridge, LLC*, No. 23-90071 (DRJ) (Bankr. S.D. Tex. Feb. 9, 2023) (providing 22 days' notice); *In re Parker Drilling Co.*, No. 18-36958 (MI) (Bankr. S.D. Tex. Jan. 17, 2019) (providing 29 days' notice).

36.     Additionally, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar

Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  This approach facilitates a more cost-effective and efficient claims process for such creditors, obviates the need for the Debtors to file a response to individual administrative expense requests, and helps conserve estate resources to the benefit of the Debtors' creditors.  For this reason, courts routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.[9]

37.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors shall give notice of any amendment to the holders of affected claims, and such holders will have no less than 30 days from the date of mailing such notice of amendment to file Proofs of Claim with respect to their claims.

38.     Holders of claims arising from the rejection of an executory contract or unexpired lease shall file claims on account of such rejection by the later of (a) the Claims Bar Date and (b) 4:00 p.m. prevailing Central Time on the date that is 30 days following entry of the order approving such rejection.

39.     The relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  The Bar Dates and the form and manner of providing notice thereof, are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

---

[9]     For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of this Court or in any plan confirmed in these chapter 11 cases.

**<u>Reservation of Rights</u>**

40.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) a waiver or impairment of the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## <u>Notice</u>

41.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the Committee, and counsel thereto; (d) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group of Term Loan Lenders and the DIP Term Loan Lenders; (e) WSFS, as the agent under the DIP Term Loan Facility; (f) ArentFox Schiff LLP, as counsel to WSFS; (g) Greenberg Traurig, LLP, as counsel to the ABL Agent and the DIP ABL Agent; (h) the agents under each of the Debtors' prepetition secured credit facilities; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the Environmental Protection Agency; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors request that the Court enter the Bar Date Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: May 5, 2025

*/s/ Jason G. Cohen*

**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:     (713) 223-2300
Facsimile:      (800) 404-3970
Email:            jason.cohen@bracewell.com
                     jonathan.lozano@bracewell.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            cmarcus@kirkland.com
                     derek.hunter@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on May 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason G. Cohen*

Jason G. Cohen
