IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | Chapter 11 |
| ASCEND PERFORMANCE MATERIALS HOLDINGS INC., *et al.*[1] | ) ) ) ) | Case No. 25-90127 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PNC BANK, N.A. TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING THE USE OF CASH COLLATERAL, (IV) MODIFYING THE AUTOMATIC STAY; (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

*[Relates to Docket Nos. 36 and 96]*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES PNC Bank, National Association, as successor to PNC Equipment Finance, LLC (hereinafter "PNC"), and files this its Limited Objection and Reservation of Rights ("Objection") as to *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Authorizing the Use of Cash Collateral, (IV) Modifying the Automotaic Stay; (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Dkt. Nos. 36 and 96][2] (the "Motion"), and in support thereof would

---

[1] A complete list of each of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Ascend. The location of Debtor Ascend Performance Materials Holdings Inc.'s principal place of business is 1010 Travis St., Suite 900, Houston, Texas 77002.

[2] All capitalized terms not otherwise defined herein shall have the same meaning as in the Motion.

respectfully show the Court the following:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## PRELIMINARY STATEMENT

2. PNC files this limited Objection to ensure and clarify that any liens and other relief granted by any order entered on the Motion do not prime, are not equal to, and do not otherwise impair the senior liens maintained by PNC.

3. Since the Debtors have not established that they are entitled to relief under section 364(d) of Title 11 of the United States Code, PNC requests that the following language be included in any order entered on the Motion:

> Notwithstanding anything herein to the contrary, any liens and other relief granted hereunder do not prime, are not equal to, and do not otherwise impair any liens or ownership interests held by PNC Bank, N.A. that were in existence on the Petition Date, came into existence as of the Petition Date, came into existence subsequent to the Petition Date, or come into existence in the future.

## II.
## RELEVANT FACTS

4. Debtors initiated the current Chapter 11 bankruptcy petition in the Houston Division of the Southern District of Texas on April 21, 2025 (the "Petition Date").

5. Prior to the Petition Date, on or about December 13, 2023, Debtor Ascend Performance Materials Holdings Inc. (the "Debtor") executed and entered into a Lease Agreement, agreement # 213052 (the "First Agreement") with PNC, whereby Debtor leased a

2023 Ottawa 4 x 2 DOT Truck with VIN # 11VJ813A6PA001512 (the "Vehicle"). A true and correct copy of the First Agreement is attached hereto and incorporated herein by reference as Exhibit "A." Alternatively, PNC has a perfected purchase money security interest in the Vehicle. PNC is identified as the owner of the Vehicle pursuant to the Manufacturer's Certificate of Origin. A true and correct copy of the Vehicle's Manufacturer's Certificate of Origin identifying PNC as owner of the Vehicle is attached hereto and incorporated by reference as Exhibit "B." As of May 5, 2025, Debtor is indebted to PNC under the First Agreement in the amount of $132,513.17.

6. Additionally, prior to the Petition Date, Debtor entered into a Lease Agreement, agreement # 229807 (the "Second Agreement") with PNC, whereby Debtor leased the following equipment (the "Forklifts"):

| Quantity | Manufacturer, Model and Description | Serial Number |
|---|---|---|
| 13 | Hyster E50XN Forklift | A268N37400X, A268N37661X, A268N37653X, A268N37396X, A268N38095X, A268N37655X, A268N37665X, A268N37861X, A268N37620X, A268N37600X, A268N37590X, A268N37617X, A268N37768X |
| 22 | Enersys Desert Hog 48V Battery | RXA00477356, RXA00477244, RXA00477237, RXA00477359, RXA00477348, RXA00477241, RXA00477242, RWE00382958, RWL00472705, RWK00462085, RWL00472703, RWL00472722, RWK00455208, RWL00472702, RWO00381900, RWL00472729, RWL00467818, RWL00472730, RWL00467815, RWL00467804, RWL00467822, RXZ00477247 |

A true and correct copy of the Second Agreement is attached hereto and incorporated by reference as Exhibit "C." PNC is the owner of the Forklifts. Alternatively, PNC has a perfected purchase money security interest in the Forklifts. As of May 5, 2025, Debtor is indebted to PNC under the Second Agreement in the amount of $613,797.76. For purposes of this Limited Objection, the term "PNC Agreements" refers to bot the First Agreement and Second Agreement as defined and referenced herein.

*Facts Concerning Bankruptcy Proceedings to Date*

7. On April 22, 2025, the Debtors filed the Motion, which seeks the approval to obtain debtor-in-possession financing facilities (the "DIP Facilities"). The proposed DIP

Facilities are comprised of an approximately $400 million senior secured superpriority term loan facility and a $500 million senior secured superpriority asset-based financing facility

8. On April 23, 2025, the Court entered an order granting interim relief on the Motion [DN 96] (the "<u>Interim Order</u>").

9. The Interim Order provides that the Interim DIP will consist of up to an aggregate principal amount of $250 million of new money.[3]

### III.
### PNC'S LIMITED OBJECTION

10. As an initial matter, PNC does not generally object to the Debtors obtaining postpetition DIP financing. However, by the Motion, the Debtors arguably seek to prime PNC's liens and/or ownership interest in the Vehicle and Forklifts on a non-consensual basis and without meeting their burden with respect to adequate protection to PNC. Accordingly, PNC files this Objection to assert its ownership, security interest, and lienholder rights in the Vehicle and Forklifts that the Debtors arguably seek to prime without providing sufficient adequate protection to PNC. PNC files this Objection to the Motion for the reasons set forth below.

11. Section 364(d) of the Bankruptcy Code provides that:[4]

> (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if*—
>
> (A) the trustee is unable to obtain such credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

---

[3] Interim Order P. 28.
[4] 11 U.S.C. § 364(d)(1).

Debtors bear the burden of proof on the issue of adequate protection.[5] Because section 364(d) requires adequate protection for any holder of a lien on the property of the estate, Debtors must prove that they have provided said lienholders with adequate protection as outlined in Section 361 of the Bankruptcy Code.

12. Section 361 of the Bankruptcy Code provides that:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Accordingly, Debtors could provide PNC with adequate protection under Section 361 by either: (1) making cash payment(s) to PNC; (2) providing PNC with additional or replacement liens that account for the decrease in the value of PNC's equity interest in the property; or, (3) grant such other relief that will result in PNC realizing the indubitable equivalent of PNC's interest in the property.[6]

13. *First*, Debtors have not proposed to provide PNC any adequate protection

---

[5] 11 U.S.C. § 364(d)(2).

whatsoever. The Debtors proposal regarding adequate protection is limited to Prepetition Secured Parties, which term does not appear to include PNC.[7] Thus, PNC is not included as a Prepetition Secured Party, and the Debtors do not propose to provide PNC any adequate protection for the priming of PNC's liens or ownership interest, despite PNC holding an ownership interest and/or Prepetition Lien in the Vehicle and Forklifts that are arguably proposed to be primed by the DIP Liens. Therefore, PNC objects to the DIP Motion to the extent that the Debtors fail to propose any adequate protection to PNC.

14. *Second*, PNC further objects to the entry of any final order that proposes to provide special treatment to other parties holding prepetition liens. As outlined above, the Debtors propose to provide adequate protection only to the Prepetition Secured Parties. As a result, the Debtors attempt to pick and choose who receives adequate protection without proposing to provide adequate protection to others, including PNC.

15. *Third*, it is grossly inequitable to take away what little protection PNC has for recovery under the PNC Agreements. Although PNC is the owner of the Vehicle and Forklifts, if the DIP Lender is granted a lien in the PNC, then PNC is significantly harmed because PNC is owed a total of $746,310.93 under the PNC Agreements, while PNC estimates that the Vehicle and Forklifts currently have a combined estimated fair market value of $513,000.00.[8] Thus, to the extent that PNC's only source of recovery in these Chapter 11 cases is recovery of the Vehicle and Forklifts, the combined value of the Vehicle and Forklifts would be significantly diminished if its lien is primed by the DIP Lender and the DIP Facility. As it appears from these Chapter 11 cases,

---

[6] *See* 11 U.S.C. § 361.
[7] Interim Order ¶ 10-11.
[8] PNC's estimate is subject to revision based on a current appraisal and evaluation of the Vehicle and Forklifts, and PNC reserves its right to revise this estimated fair market value for purposes of filing a proof of claim or for any other purpose to the extent PNC acquires additional information concerning the condition and status of the Vehicle and Forklifts.

creditors may find themselves receiving far less value than they are owed, and diminishing the value in the Vehicle and Forklifts by a priming lien is a grossly inequitable treatment of PNC.

16. Accordingly, PNC seeks the inclusion of clarifying language in any order entered pursuant to the Motion that such liens and other relief granted by the Motion do not prime, are not equal to, or otherwise impair or alter the current priority of PNC's liens and/or interest in the Vehicle and Forklifts.

17. To the extent the Court overrules PNC's objection, PNC demands adequate protection pursuant to its rights under section 364(d)(1)(B) of the Bankruptcy Code

18. For the foregoing reasons, PNC objects on the limited basis to the Motion in derogation of PNC's ownership, security interest, and lienholder rights.

## IV.
## PNC'S RESERVATION OF RIGHTS

19. PNC reserves the right to: (a) modify, supplement, or amend this Objection for any reason prior to the final hearing on the Motion. PNC further reserves all of its rights, claims, counterclaims, and defenses against the Debtors, DIP Lender, and all other parties-in-interest in these Chapter 11 Cases under the Bankruptcy Code and other applicable law.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile


/s/ *Christopher V. Arisco*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com

*Attorneys for PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notices.

                                            */s/ Christopher V. Arisco*
                                            Christopher V. Arisco