IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | Chapter 11 |
| ASCEND PERFORMANCE MATERIALS HOLDINGS INC., *et al.*[1] | ) ) ) ) | Case No. 25-90127 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION D/B/A U.S. BANK EQUIPMENT FINANCE TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING THE USE OF CASH COLLATERAL, (IV) MODIFYING THE AUTOMATIC STAY; (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

*[Relates to Docket Nos. 36 and 96]*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES U.S. Bank National Association d/b/a U.S. Bank Equipment Finance (hereinafter "U.S. Bank"), and files this its Limited Objection and Reservation of Rights ("Objection") as to *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Authorizing the Use of Cash Collateral, (IV) Modifying the Automotaic Stay; (V) Scheduling a Final Hearing, and (VI)*

---

[1] A complete list of each of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Ascend. The location of Debtor Ascend Performance Materials Holdings Inc.'s principal place of business is 1010 Travis St., Suite 900, Houston, Texas 77002.

*Granting Related Relief* [Dkt. Nos. 36 and 96][2] (the "Motion"), and in support thereof would respectfully show the Court the following:

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.
# PRELIMINARY STATEMENT

2. U.S. Bank files this limited Objection to ensure and clarify that any liens and other relief granted by any order entered on the Motion do not prime, are not equal to, and do not otherwise impair the senior liens maintained by U.S. Bank.

3. Since the Debtors have not established that they are entitled to relief under section 364(d) of Title 11 of the United States Code, U.S. Bank requests that the following language be included in any order entered on the Motion:

> Notwithstanding anything herein to the contrary, any liens and other relief granted hereunder do not prime, are not equal to, and do not otherwise impair any liens or interests held by U.S. Bank National Association d/b/a U.S. Bank Equipment Finance that were in existence on the Petition Date, came into existence as of the Petition Date, came into existence subsequent to the Petition Date, or come into existence in the future.

# II.
# RELEVANT FACTS

4. Debtors initiated the current Chapter 11 bankruptcy petition in the Houston Division of the Southern District of Texas on April 21, 2025 (the "Petition Date").

*Facts Concerning U.S. Bank's Agreements with Debtors*

---

[2] All capitalized terms not otherwise defined herein shall have the same meaning as in the Motion.

**(a) Software Financing Agreement Number 500-0714169-000**

5.      Prior to the Petition Date, on or about October 27, 2023, Debtor Ascend Performance Materials Holdings Inc. ("Ascend Performance") executed and entered into a Software Financing Agreement (the "First Agreement") with Konica Minolta Premier Finance ("Konica"), whereby Ascend Performance financed the license to certain software, which Ascend Performance utilizes in its business. A true and correct copy of First Agreement is attached hereto and incorporated herein as Exhibit "A."

6.      On or about January 9, 2024, Konica sold, assigned, and transferred all of its interest in the First Agreement and the First Agreement Collateral to U.S. Bank. A true and correct copy of the assignment of the First Agreement and the First Agreement Collateral is attached hereto and incorporated herein as Exhibit "B."

**(b) Master Premier Lease Agreement No. 500-0721131-000**

7.      Prior to the Petition Date, on or about October 27, 2023, Debtor Ascend Performance executed and entered into a Master Premier Lease Agreement and Master Premier Lease Schedule (the "Second Agreement") with Konica, whereby Ascend Performance leased certain collateral (the "Second Agreement Equipment") to be used in Ascend Performance business operations. A true and correct copy of Second Agreement is attached hereto and incorporated herein as Exhibit "C."

8.      Second Agreement Collateral is fully described in the Second Agreement and includes, but is not limited to, the following:

| Make/Model/Accessories (Including Software Description and Supplier / Licensor if applicable) |
|---|
| Bizhub C360i  (Qty:86) |
| Bizhub C450i  (Qty:7) |
| Bizhub 360i  (Qty:3) |

9. The Second Agreement Equipment is believed to have an estimated fair market value of $33,600.00, assuming it is found in good and operational condition.

10. On or about April 2, 2024, Konica sold, assigned, and transferred all of its interest in the Second Agreement and the Second Agreement Collateral to U.S. Bank. A true and correct copy of the assignment of the Second Agreement and the Second Agreement Equipment is attached hereto and incorporated herein as Exhibit "D."

11. In an abundance of caution and without waiving any ownership rights, Ascend Performance also granted a first priority security interest in the Second Agreement Equipment to U.S. Bank under Second Agreement. Such security interest was duly perfected with respect to the Second Agreement Collateral by the filing of a UCC-1 financing statement with the Delaware Secretary of State's office. A true and correct copy of the UCC-1 financing statement filed perfecting U.S. Bank's interest in the Second Agreement Equipment is attached hereto as Exhibit "E" and incorporated by reference herein as if fully set forth herein.

**(c) Master Lease Agreement No. 500-0721131-001**

12. Prior to the Petition Date, on or about October 27, 2023, Debtor Ascend Performance executed and entered into a Master Premier Lease Agreement and Master Premier Lease Schedule (the "Third Agreement") with Konica, whereby Ascend Performance leased certain equipment (the "Third Agreement Collateral") to be used in Ascend Performance business

operations. A true and correct copy of Third Agreement is attached hereto and incorporated herein as Exhibit "F."

13. Third Agreement Equipment is fully described in the Second Agreement and includes, but is not limited to, the following:

| Item Number | Description | Serial Number | Quantity |
|---|---|---|---|
| AC57011 | ACCURIOPRESS C4080 | AC57011021036 | 1 |
| 7670525509 | MFP DELIVERY CHARGE - LEVEL FOUR | | 1 |
| AAMPWY1 | DF-713 AUTO DUPLEX DOCUMENT FEEDER | AAMPWY1007918 | 1 |
| A55CWY3 | PF-707M PAPER FEED UNIT | A55CWY3007994 | 1 |
| ACMKWY1 | VI-515 VIDEO INTERFACE FOR CONTROLLER | | 1 |
| KONI66002 | LR5402C CUST TOWER LIGHT ASSEMBLY | | 1 |
| 7640018097 | BASIC NETWORK SERVICE - BNS07 | | 1 |
| P350030240NH | DIAG PWRFILTER 208V/240V/30A W NTWRK HUB | | 1 |
| A4F3WY6 | FS-532M STAPLE FINISHER | A4F3WY6014633 | 1 |
| AC8UW11 | PK-525 PUNCH KIT | | 1 |
| 7640015255 | PROFESSIONAL SERVICES PROJECT FEE | | 2,563 |
| W200015120 | PWRFILTER W PREMIUM INRUSH 120V/15A | | 2 |
| A9CEWY2 | RU-518M RELAY UNIT | A9CEWY2010819 | 1 |
| A4F4WY1 | SD-510 SADDLE STITCH UNIT | A4F4WY1026033 | 1 |
| 7640012602 | BASIC PROFESSIONAL SERVICES - LEVEL 4 | | 1 |
| ACC0WY2 | IC-419 EFI EMBEDDED IMAGE CONTROLLER | ACC0WY2002173 | 1 |
| A3VX430 | TN619C CYAN TONER | | 1 |
| A3VX130 | TN619K BLACK TONER | | 1 |
| A3VX330 | TN619M MAGENTA TONER | | 1 |
| A3VX230 | TN619Y YELLOW TONER | | 1 |
| ACJ1201 | MYIRO-1 SPECTROPHOTOMETER NON-WIRELESS | 20003454 | 1 |
| 45206719 | FIERY IMPOSE-COMPOSE WITHOUT ACRBT-PTSTP | | 1 |

14. The Second Agreement Equipment is believed to have an estimated fair market value of $9,500.00, assuming it is found in good and operational condition.

15. On or about April 2, 2024, Konica sold, assigned, and transferred all of its interest in the Third Agreement and the Third Agreement Equipment to U.S. Bank. A true and correct copy of the assignment of the Third Agreement and the Third Agreement Equipment is attached hereto and incorporated herein as Exhibit "G."

16. In an abundance of caution and without waiving any ownership rights, Ascend Performance also granted a first priority security interest in the Third Agreement Collateral to U.S. Bank under Third Agreement. Such security interest was duly perfected with respect to the Third Agreement Collateral by the filing of a UCC-1 financing statement with the Delaware Secretary of State's office. A true and correct copy of the UCC-1 financing statement filed perfecting U.S. Bank's interest in the Third Agreement Collateral is attached hereto as Exhibit "H" and incorporated by reference herein as if fully set forth herein.

17. Second Agreement and Third Agreement are referred herein, collectively, as the "U.S. Bank Leases." Additionally, the Second Agreement Equipment and Third Agreement Equipment are referred herein, collectively, as the "U.S. Bank Leased Equipment."

18. Pursuant to the U.S. Bank Leases, U.S. Bank is the owner and lessor of the U.S. Bank Leased Equipment and continues to hold a perfected security interest in the U.S. Bank Leased Equipment via numerous filed UCC-1 Financing Statements. U.S. Bank asserts that it remains the owner, lessor, secured party, and lienholder of the U.S. Bank Leased Equipment.

19. Debtors appear to have neither rejected or assumed and assigned the U.S. Bank Leases, but upon information and belief, the Debtors continue to use the U.S. Bank Leased Equipment in their ordinary course of business, both prior to and subsequent to the Petition Date. However, U.S. Bank has not received adequate protection for the Debtors continued use of the U.S. Bank Leased Equipment.

20. U.S. Bank provided the U.S. Bank Leased Equipment and the First Agreement Collateral to the Debtors in good faith and with the reasonable expectation of timely payment in accordance with the terms of the corresponding agreements.

21. The U.S. Bank Equipment provided to Debtors is valuable and provides a material economic benefit to the Debtors' estates by enabling Debtors to continue operating and generating revenue. The Debtors' ability to utilize the U.S. Bank Leased Equipment and the First Agreement Collateral and operate their businesses enhances the value of the Debtors' estates.

*Facts Concerning Bankruptcy Proceedings to Date*

22. On April 22, 2025, the Debtors filed the Motion, which seeks the approval to obtain debtor-in-possession financing facilities (the "DIP Facilities"). The proposed DIP Facilities are comprised of an approximately $400 million senior secured superpriority term loan facility and a $500 million senior secured superpriority asset-based financing facility

23. On April 23, 2025, the Court entered an order granting interim relief on the Motion [DN 96] (the "Interim Order").

24. The Interim Order provides that the Interim DIP will consist of up to an aggregate principal amount of $250 million of new money.[3]

## III.
## U.S. BANK'S LIMITED OBJECTION

25. As an initial matter, U.S. Bank does not generally object to the Debtors obtaining postpetition DIP financing. However, by the Motion, the Debtors arguably seek to prime U.S. Bank's liens and/or ownership interest in the U.S. Bank Leased Equipment on a non-consensual basis and without meeting their burden with respect to adequate protection to U.S. Bank. Accordingly, U.S. Bank files this Objection to assert its ownership, security interest, and lienholder rights in the U.S. Bank Leased Equipment that the Debtors arguably seek to prime without providing sufficient adequate protection to U.S. Bank. U.S. Bank files this Objection to the Motion for the reasons set forth below.

26. Section 364(d) of the Bankruptcy Code provides that:[4]

> (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if*—
>
> (A) the trustee is unable to obtain such credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

Debtors bear the burden of proof on the issue of adequate protection.[5] Because section 364(d) requires adequate protection for any holder of a lien on the property of the estate, Debtors must prove that they have provided said lienholders with adequate protection as outlined in Section 361 of the Bankruptcy Code.

27. Section 361 of the Bankruptcy Code provides that:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by

---

[3] Interim Order P. 28.
[4] 11 U.S.C. § 364(d)(1).
[5] 11 U.S.C. § 364(d)(2).

> such entity of the indubitable equivalent of such entity's interest in such property.

Accordingly, Debtors could provide U.S. Bank with adequate protection under Section 361 by either: (1) making cash payment(s) to U.S. Bank; (2) providing U.S. Bank with additional or replacement liens that account for the decrease in the value of U.S. Bank's equity interest in the property; or, (3) grant such other relief that will result in U.S. Bank realizing the indubitable equivalent of U.S. Bank's interest in the property.[6]

28. *First*, Debtors have not proposed to provide U.S. Bank any adequate protection whatsoever. The Debtors proposal regarding adequate protection is limited to Prepetition Secured Parties, which term does not appear to include U.S. Bank.[7] Thus, U.S. Bank is not included as a Prepetition Secured Party, and the Debtors do not propose to provide U.S. Bank any adequate protection for the priming of U.S. Bank's liens or ownership interest, despite U.S. Bank holding a Prepetition Lien that is arguably proposed to be primed by the DIP Liens. Therefore, U.S. Bank objects to the DIP Motion to the extent that the Debtors fail to propose any adequate protection to U.S. Bank.

29. *Second*, U.S. Bank further objects to the entry of any final order that proposes to provide special treatment to other parties holding prepetition liens. As outlined above, the Debtors propose to provide adequate protection only to the Prepetition Secured Parties. As a result, the Debtors attempt to pick and choose who receives adequate protection without proposing to provide adequate protection to others, including U.S. Bank.

30. *Third*, it is grossly inequitable to take away what little protection U.S. Bank has for recovery under the U.S. Bank Leases. Although U.S. Bank is the owner of the U.S. Bank Leased

---

[6] *See* 11 U.S.C. § 361.
[7] Interim Order ¶ 10-11.

Equipment, if the DIP Lender is granted a lien in the U.S. Bank Leased Equipment, then U.S. Bank is significantly harmed because U.S. Bank is owed approximately $747,549.95 under the U.S. Bank Leases, while U.S. Bank estimates that the U.S. Bank Leased Equipment currently has an estimated fair market value of $43,100.00. Thus, to the extent that U.S. Bank's only source of recovery in these Chapter 11 cases is recovery of the U.S. Bank Leased Equipment, the value of the U.S. Bank Leased Equipment would be significantly diminished if its lien is primed by the DIP Lender and the DIP Facility. As it appears from these Chapter 11 cases, creditors may find themselves receiving far less value than they are owed, and diminishing the value in the U.S. Bank Leased Equipment by a priming lien is a grossly inequitable treatment of U.S. Bank.

31.     Accordingly, U.S. Bank seeks the inclusion of clarifying language in any order entered pursuant to the Motion that such liens and other relief granted by the Motion do not prime, are not equal to, or otherwise impair or alter the current priority of U.S. Bank's liens and/or interest in the U.S. Bank Leased Equipment.

32.     To the extent the Court overrules U.S. Bank's objection, U.S. Bank demands adequate protection pursuant to its rights under section 364(d)(1)(B) of the Bankruptcy Code

33.     For the foregoing reasons, U.S. Bank objects on the limited basis to the Motion in derogation of U.S. Bank's ownership, security interest, and lienholder rights.

## IV.
## U.S. BANK'S RESERVATION OF RIGHTS

34.     U.S. Bank reserves the right to: (a) modify, supplement, or amend this Objection for any reason prior to the final hearing on the Motion. U.S. Bank further reserves all of its rights, claims, counterclaims, and defenses against the Debtors, DIP Lender, and all other parties-in-interest in these Chapter 11 Cases under the Bankruptcy Code and other applicable law.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 Telephone
(817) 338-1610 Facsimile


<u>/s/ *John T. Easter*</u>
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com
John T. Easter
State Bar I.D. #24106666
jeaster@padfieldstout.com

*Attorneys for U.S. Bank National Association d/b/a*
*U.S. Bank Equipment Finance*

## CERTIFICATE OF SERVICE

       The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Thursday, May 22, 2025; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Ascend Performance Materials Holdings Inc.**<br>1010 Travis Street<br>Suite 900<br>Houston, TX 77002<br><br>*Debtor* | **Jason Gary Cohen**<br>Bracewell LLP<br>711 Louisiana St<br>Ste. 2300<br>Houston, TX 77002<br><br>*Debtor's Attorney* |
|---|---|
| **Charles Michael Rubio**<br>Parkins & Rubio LLP<br>100 Park Avenue, Suite 1600<br>New York, NY 10017<br><br>*Creditor Committee's Attorney* | **United States Trustee**<br>515 Rusk Ave, Ste. 3516<br>Houston, TX 77002 |
| **United States Trustee**<br>Attn: Jana Smith Whitworth<br>515 Rusk Ave, Ste. 3516<br>Houston, TX 77002 | **United States Trustee**<br>Attn: Jayson B. Ruff<br>515 Rusk Ave, Ste. 3516<br>Houston, TX 77002 |
| **And all those receiving ECF notification for this case.** | |

                                          /s/ *John T. Easter*
                                           John T. Easter