**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCEND PERFORMANCE MATERIALS HOLDINGS INC., *et al.*,[1] | ) ) | Case No. 25-90127 (CML) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**REORGANIZED DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF A FINAL DECREE (I) CLOSING CERTAIN OF THE
CHAPTER 11 CASES, (II) MODIFYING CASE CAPTION AND DIRECTING
ADMINISTRATION IN THE LEAD CASE, AND (III) GRANTING RELATED RELIEF**

<div style="border:1px solid black; padding:8px;">

**Emergency relief has been requested.  Relief is requested not later than 4:00 p.m. (prevailing Central Time) on January 20, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

</div>

The above-captioned reorganized debtors (collectively, the "<u>Reorganized Debtors</u>," and before the Effective Date[2] of the Plan, the "<u>Debtors</u>") state as follows in support of this emergency motion (the "<u>Motion</u>"):

---

[1]     A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://dm.epiq11.com/Ascend.  The location of Reorganized Debtor Ascend Performance Materials Holdings Inc.'s principal place of business is 1010 Travis St., Suite 900, Houston, Texas 77002.

[2]     Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Ascend Performance Materials Holdings Inc. and Its Debtor Affiliates* [Docket No. 1192] (the "<u>Plan</u>").

**Relief Requested**

1.      The Reorganized Debtors seek entry of a final decree, substantially in the attached form (the "Final Decree"), (a) closing each of the Debtors' Chapter 11 Cases other than the case of APM (PR) LLC, Case No. 25-90129 (the "Remaining Case" and the cases being closed the "Affiliate Cases"), (b) directing that the administration of all claims against and interests asserted in the Affiliate Cases take place in the Remaining Case, and (c) granting related relief.

2.      The Reorganized Debtors further request that the Court approve the following revised caption for the Chapter 11 Cases to reflect the new lead case and that the remaining Debtor is now a Reorganized Debtor:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| APM (PR) LLC[1] | )  Case No. 25-90129 (CML) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

---

[1]     The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: APM (PR) LLC (0798) ("APM"). On [●], 2026, the Court entered an order closing the chapter 11 cases of APM's debtor affiliates (collectively, the "Fully Administered Debtors"). The Fully Administered Debtors, along with the last four digits of the Fully Administered Debtor's federal tax identification number, are: Ascend Performance Materials Holdings Inc. (9853); APM (Canada) LLC (1078); APM Disc Holdings LLC (2348); APM Disc Inc. (1044); APM Foreign Holdings LLC (0411); Ascend Performance Materials Consumer Solutions Holdings LLC (4651); Ascend Performance Materials Consumer Solutions LLC (3995); Ascend Performance Materials Inc. (8294); Ascend Performance Materials Operations LLC (5777); and Ascend Performance Materials Texas Inc. (7787). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is 1010 Travis St., Suite 900, Houston, Texas 77002.

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern

District of Texas, entered May 24, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

The Reorganized Debtors confirm their consent to entry of a final order in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

4.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.       The bases for the relief requested herein are sections 105(a) and 350(a) of title 11

of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3022 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of

the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

6.       On April 21,2025, the Debtors filed voluntary petitions for relief under chapter 11

of the Bankruptcy Code.[3]  On April 22, 2025, this Court entered an order [Docket No. 60]

authorizing the joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule

1015(b) under the case of Ascend Performance Materials Holdings Inc., Case No. 25-90127

(the "Lead Case").  The Chapter 11 Cases other than the Lead Case are as follows:

---

[3]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Robert Del Genio, Chief Restructuring Officer of Each of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").

| Debtor | Case Number |
|---|---|
| APM (Canada) LLC | 25-90128 |
| APM (PR) LLC | 25-90129 |
| APM Disc Holdings LLC | 25-90130 |
| APM Disc Inc. | 25-90131 |
| APM Foreign Holdings LLC | 25-90132 |
| Ascend Performance Materials Consumer Solutions Holdings LLC | 25-90133 |
| Ascend Performance Materials Consumer Solutions LLC | 25-90134 |
| Ascend Performance Materials Inc. | 25-90135 |
| Ascend Performance Materials Operations LLC | 25-90136 |
| Ascend Performance Materials Texas Inc. | 25-90137 |

7.      On December 9, 2025, the Court confirmed the Plan and entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Ascend Performance Materials Holdings Inc. and Its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 1201] (the "Confirmation Order").  The Confirmation Order is final, non-appealable, and not subject to any pending appeal.[4]

8.      On December 19, 2025, the Debtors substantially consummated the Plan, and the Effective Date occurred.[5]

9.      The Claims Bar Date expired on July 23, 2025 and on October 20, 2025, the Governmental Bar Date (each as defined in the *Order (I) Establishing Deadlines for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, (III) Approving the Form and Manner for Filing Proofs of Claim, and (IV) Granting Related Relief* [Docket No. 386]) expired.  To date, 5,562 Proofs of Claim have been filed in these Chapter 11 Cases.  The Reorganized Debtors are continuing to review the Proofs of Claim and may object to certain Proofs

---

[4]    *See* the Confirmation Order, ¶ 210 ("This Confirmation Order is a Final Order and the period in which an appeal must be Filed shall commence upon the entry hereof.").  Pursuant to Bankruptcy Rule 8002, an appeal must have been filed within fourteen (14) days of entry of the Confirmation Order.  No such appeal was filed.

[5]    *See Notice of Entry of Findings of Fact, Conclusions of Law, and Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Ascend Performance Materials Holdings Inc. and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 1255].

of Claim in the future (the "Claims Reconciliation Process").[6]  Similarly, the Reorganized Debtors

are continuing to reconcile and settle any Cure disputes pertaining to the assumption of certain

Executory Contracts or Unexpired Leases (the "Cure Reconciliation Process").[7]

10.     The Plan provides that the Debtors with the reasonable consent of the Required DIP

Term Loan Lenders and the Reorganized Debtors, as applicable, have the exclusive authority to

(a) File, withdraw, or litigate to judgment any objections to Claims or Interests, (b) settle or

compromise any such objections to Claims and Interests, including Disputed Claims and Interests,

without further notice to or action, order, or approval of the Bankruptcy Court, and (c) administer

and adjust the Claims Register to reflect any such settlements or compromises without further

notice to or action, order, or approval of the Bankruptcy Court.[8]  The Plan further provides that

the Reorganized Debtors were deemed to have irrevocably vested in, transferred, granted, and

assigned the Permitted Litigation Claims to the Litigation Trust, and the Litigation Trustee "shall

have the exclusive right, authority, and discretion to initiate, file prosecute, enforce, abandon,

settle, compromise, release, withdraw, or litigate judgment any such Permitted Litigation Claims"

(the "Permitted Litigation Claims Process").[9]

11.     The Plan further provides that the Claims Ombudsman will have certain rights with

respect to the reconciliation, allowance, and settlement of the Go-Forward Vendor Claims and

rights and powers necessary to ensure that distributions to the Holders of Go-Forward Vendor

---

[6]     *See* Article VII.C of the Plan.

[7]     *See* Article VII.C of the Plan.

[8]     *See* Article VII.B of the Plan.

[9]     *See* Article IV.E.1 of the Plan.

Claims are consistent with the terms of the Committee Settlement and Article III of the Plan (the "Go-Forward Vendor Claims Process").[10]

12.     Additionally, pursuant to the Plan, all requests for payment of Professional Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date are required to be filed no later than forty-five (45) days after the Effective Date (the "Fee Applications").

13.     Although the Reorganized Debtors do not anticipate any further significant contested matters related to their Chapter 11 Cases, miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time (together with the Claims Reconciliation Process, the Cure Reconciliation Process, the Fee Applications, the Permitted Litigation Claims Process, and the Go-Forward Vendor Claims Process the "Remaining Matters"). Any Remaining Matters related to any of the Reorganized Debtors can be filed, administered, and adjudicated in the Remaining Case without any substantive or negative impact on any party in interest.[11]

14.     The Reorganized Debtors believe that closing these Chapter 11 Cases other than the Remaining Case is in the best interest of the Reorganized Debtors as it will greatly reduce the fees attributable to remaining in chapter 11.

---

[10]     *See* Article IV.D.3 of the Plan.

[11]     The Reorganized Debtors reserve all rights to dispute any outstanding Claims, and the failure of the Reorganized Debtors to object to any Claim filed in these Chapter 11 Cases prior to entry of the Final Decree shall not cause such Claim to be deemed Allowed. The Reorganized Debtors request that the Court permit any objections to Claims against or Interests in any of the Chapter 11 Cases to be filed, administered, and adjudicated in the Remaining Case.

**Basis for Relief**

15.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

16.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

i.      whether the order confirming the plan has become final;

ii.     whether deposits required by the plan have been distributed;

iii.    whether the property proposed by the plan to be transferred has been transferred;

iv.     whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

v.      whether payments under the plan have commenced; and

vi.     whether all motions, contested matters, and adversary proceedings have been finally resolved.

17.     Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).  Bankruptcy courts have adopted the view that "[the Advisory Committee Note] factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present

before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005).

18.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"). Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

19.     Courts have also noted that entry of a final decree is appropriate to stop the accrual of fees paid to the U.S. Trustee pursuant to section 1930 of the United States Code (the "Section 1930 Fees"). *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

20.     The foregoing factors weigh strongly in favor of closing all of the Affiliate Cases. The Confirmation Order is a final order, the Effective Date of the Plan has occurred, and the Plan is substantially consummated.[12]  The Debtors' estate property has transferred to the Reorganized Debtors or the Litigation Trust, as applicable, in accordance with the Plan, and the Reorganized Debtors have assumed the management and control over the Debtors' businesses.  Thus, the Affiliate Cases have been "fully administered."  Closing the Affiliate Cases is consistent with the

---

[12]    Paragraph 205 of the Confirmation Order provides that "[o]n the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101(2) of the Bankruptcy Code."

confirmed Plan, which provides that "[u]pon the occurrence of the Effective Date, the Reorganized Debtors shall be permitted to close some or all of the Chapter 11 Cases, and all contested matters and adversary proceedings relating to each of the Debtors, including objections to Claims, shall be administered and heard in the Chapter 11 Case of any Reorganized Debtor that remains opened."[13]

21.     While the Reorganized Debtors acknowledge that the payment of certain Claims may be pending, such Claims will be paid pursuant to the Plan in the Remaining Case or outside the Chapter 11 Cases in accordance with the Bankruptcy Code and the Plan.  Bankruptcy courts in the Fifth Circuit have entered final decrees and closed cases despite certain claims being unpaid. *See, e.g.*, *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Aug. 15, 2025); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Apr. 1, 2025); *In re Digit. Media Sols., Inc.*, No. 24-90468 (ARP) (Bankr. S.D. Tex. Nov. 21, 2025); *In re Genesis Care Pty. Ltd.*, No. 23-90614 (MI) (Bankr. S.D. Tex. Apr. 8, 2024); *In re Qualtek Services Inc.*, No. 23-90584 (CML) (Bankr. S.D. Tex. Dec. 14, 2023).  "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Moreover, the entry of the Final Decree closing the Affiliate Cases would be without prejudice to creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code.

22.     The Reorganized Debtors, the Litigation Trustee, and the Claims Ombudsman, as applicable, will work to resolve the Remaining Matters.  To the extent issues arise relating to the Reorganized Debtors, such matters can be resolved under the Remaining Case without keeping the dockets of the Affiliate Cases open.  Closing the dockets of the Affiliate Cases will have no impact on the resolution of any remaining Claims or distributions, other legal entitlements under the Plan,

---

[13]     *See* Article XII.M of the Plan.

or the substantive rights of any party in interest and would stop the accrual of Section 1930 Fees associated with the Affiliate Cases.  Accordingly, entry of the Final Decree closing the Affiliate Cases is in the best interests of the Reorganized Debtors and an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

### Emergency Consideration

23.     Pursuant to Local Rule 9013-1(i), the Reorganized Debtors respectfully request emergency consideration of this Motion.  Prompt entry of the Final Decree will allow the Reorganized Debtors to save administrative costs that would accrue if the Affiliate Cases were to remain open.

### Notice

24.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee, and counsel thereto; (c) Gibson, Dunn & Crutcher LLP, as counsel to the Ad Hoc Group of Term Loan Lenders and the DIP Term Loan Lenders; (d) Wilmington Savings Fund Society, FSB ("WSFS"), as the agent under the DIP Term Loan Facility; (e) ArentFox Schiff LLP, as counsel to WSFS; (f) Greenberg Traurig, LLP, as counsel to the ABL Agent and the DIP ABL Agent; (g) the agents under each of the Debtors' prepetition secured credit facilities; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Environmental Protection Agency; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

The Reorganized Debtors request that the Court enter the Final Decree granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: January 9, 2026

/s/ Jason G. Cohen

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Christopher Marcus, P.C. (admitted *pro hac vice*) |
| 711 Louisiana Street, Suite 2300 | Derek I. Hunter (admitted *pro hac vice*) |

BRACEWELL LLP
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:      (713) 223-2300
Facsimile:      (800) 404-3970
Email:      jason.cohen@bracewell.com
            jonathan.lozano@bracewell.com


*Co-Counsel for the Debtors*
*and Debtors in Possession*

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Christopher Marcus, P.C. (admitted *pro hac vice*)
Derek I. Hunter (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      cmarcus@kirkland.com
            derek.hunter@kirkland.com


*Co-Counsel for the Debtors*
*and Debtors in Possession*

## Certificate of Accuracy

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements regarding the nature of the emergency are true and accurate to the best of my knowledge.

*/s/ Jason G. Cohen*
Jason G. Cohen

## Certificate of Service

I certify that on January 9, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason G. Cohen*
Jason G. Cohen