United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ASCEND PERFORMANCE MATERIALS ) | Case No. 25-90127 (CML) |
| HOLDINGS INC., *et al.*,[1] ) | |
| ) | |
| Reorganized Debtors. ) | (Jointly Administered) |
| ) | |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date of the Plan, the "Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://dm.epiq11.com/Ascend. The location of Reorganized Debtor Ascend Performance Materials Holdings Inc.'s principal place of business is 1010 Travis St., Suite 900, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The following Affiliate Cases are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Debtor | Case Number |
|---|---|
| APM (Canada) LLC | 25-90128 |
| Ascend Performance Materials Holdings Inc. | 25-90127 |
| APM Disc Holdings LLC | 25-90130 |
| APM Disc Inc. | 25-90131 |
| APM Foreign Holdings LLC | 25-90132 |
| Ascend Performance Materials Consumer Solutions Holdings LLC | 25-90133 |
| Ascend Performance Materials Consumer Solutions LLC | 25-90134 |
| Ascend Performance Materials Inc. | 25-90135 |
| Ascend Performance Materials Operations LLC | 25-90136 |
| Ascend Performance Materials Texas Inc. | 25-90137 |

2. The Remaining Case of APM (PR) LLC, Case No. 25-90129, shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3. The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case and shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of APM (PR) LLC, Case No. 25-90129. The docket in Case No. 25-90129 should be consulted for all matters affecting this case.

4. The following caption shall be used in the Remaining Case going forward:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APM (PR) LLC[1] | ) | Case 25-90129 (CML) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: APM (PR) LLC (0798) ("APM"). On [●], 2026, the Court entered an order closing the chapter 11 cases of APM's debtor affiliates (collectively, the "Fully Administered Debtors"). The Fully Administered Debtors, along with the last four digits of the Fully Administered Debtor's federal tax identification number, are: Ascend Performance Materials Holdings Inc. (9853); APM (Canada) LLC (1078); APM Disc Holdings LLC (2348); APM Disc Inc. (1044); APM Foreign Holdings LLC (0411); Ascend Performance Materials Consumer Solutions Holdings LLC (4651); Ascend Performance Materials Consumer Solutions LLC (3995); Ascend Performance Materials Inc. (8294); Ascend Performance Materials Operations LLC (5777); and Ascend Performance Materials Texas Inc. (7787). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is 1010 Travis St., Suite 900, Houston, Texas 77002.

5. Subject to the terms of the Plan and the Confirmation Order, the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases and whether or not they are pending before the Court in the Remaining Case or the Affiliate Cases. Any actions with regard to the Remaining Matters (including with respect to the Claims Reconciliation Process, Cure Reconciliation Process, Fee Applications, the Permitted Litigation Claims Process, and the Go-Forward Vendor Claims Process whether currently pending in an Affiliate Case or not) shall be filed, administered, and/or adjudicated in the Remaining Case without the need to reopen any Affiliate Case. Any failure of the Reorganized Debtors, or any entity, including the Litigation Trust, authorized pursuant to the Plan, as applicable, to file an objection to any Claim against or Interest in any Reorganized Debtor on or prior to entry of this Final Decree shall not constitute allowance of the Claim or Interest and shall not result in such Claim or Interest being deemed allowed against or in any Reorganized Debtor. Any objections to Claims against or Interests in the Reorganized Debtors may be filed,

administered, and adjudicated in the Remaining Case. Any surviving Causes of Action, including the Permitted Litigation Claims, may be commenced and adjudicated in the Remaining Case.

6. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any Claim under the Bankruptcy Code or applicable non-bankruptcy law; (b) a waiver of the rights of the Reorganized Debtors to dispute any Claim on any grounds; (c) a promise or requirement to pay any Claim; (d) a waiver of any Claims or Causes of Action, including Permitted Litigation Claims, which may exist against any entity; or (e) a waiver or limitation of the rights of the Debtors, the Reorganized Debtors, the Litigation Trust, or any other parties in interest under the Bankruptcy Code or any other applicable law.

7. After the date of entry of this Final Decree, no Reorganized Debtor in an Affiliate Case shall be obligated to file quarterly operating reports; *provided, however* that the Reorganized Debtors of the Affiliate Cases shall file post-confirmation reports for the period from December 1, 2025 to the date this Final Decree is entered, by the later of (i) twenty-one (21) days after the date of entry of this Final Decree and (ii) the date on which such post-confirmation quarterly report is otherwise due.

8. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) twenty-one (21) days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

9. Upon entry of this Final Decree, Reorganized Debtor APM (PR) LLC shall timely (i) report quarterly disbursements for the Remaining Case to the United States Trustee and (ii) pay

quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) until the entry of a final decree by this Court closing the Remaining Case.

10. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors, the Litigation Trustee, the Claims Ombudsman, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors, the Litigation Trustee, the Claims Ombudsman, or any entity authorized pursuant to the Plan, as applicable, to dispute any Claims that were or will be filed against the Reorganized Debtors in these Chapter 11 Cases or commence any adversary proceeding or contested matter related to any Cause of Action, including the Permitted Litigation Claims, as provided in the Plan and the Confirmation Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

12. This Final Decree shall be effective and enforceable upon its entry.

13. The Reorganized Debtors, the Litigation Trustee, the Claims Ombudsman, and any entity authorized pursuant to the Plan, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

14. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any Claim against or Interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: January 20, 2026

_____
Christopher Lopez
United States Bankruptcy Judge